16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alfred Ray CARTER, Petitioner-Appellant,
v.
Steve HARGETT and Attorney General of the State of Oklahoma,
Respondent-Appellee.
 No. 93-5196.
 United States Court of Appeals, Tenth Circuit.
 Feb. 10, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Carter, a state inmate and pro se litigant, appeals the denial of habeas corpus relief.
 
 
 3
 On May 3, 1989, Mr. Carter entered guilty pleas to ten different felony counts all after conviction of two or more felonies. The trial court enhanced Mr. Carter's sentence because the current felonies occurred within ten years after his release from prison on the earlier felony counts. Oklahoma law permits sentencing enhancements for repeat offenders. Okla. Stat. tit. 21, 51A (1981). Mr. Carter received concurrent sentences of thirty-five years.
 
 
 4
 Mr. Carter, in his petition for post-conviction relief, asserted the prior felonies were stale and should not have been utilized to enhance his present sentences under Oklahoma law. The Oklahoma Court of Criminal Appeals denied relief and responded to Mr. Carter's argument:
 
 
 5
 The record before this Court reflects Petitioner discharged his last prior conviction on January 18, 1979. The record further reflects that while Petitioner was convicted and sentenced in the current cases on May 3, 1989, all the crimes to which he pled guilty in these cases were committed prior to January 18, 1989....
 
 
 6
 [Oklahoma law] directs that "[n]o person shall be sentenced as a second and subsequent offender under Section 51 of Title 21, or any other section of the Oklahoma Statutes, when a period of ten (10) years has elapsed since the completion of the sentence imposed on the former conviction; ...". We interpreted this statutory language in Coats v. State, 589 P.2d 693 (Okl.Cr.1978), and determined that if a person commits a crime prior to the complete running of the ten year statutory period which results in a conviction which does not fall within the statutory period, the effective date of the conviction will relate back to the date of the commission of the crime.
 
 
 7
 After the state courts denied relief, Mr. Carter filed his present habeas corpus petition in the federal court asserting his due process rights were violated by the Oklahoma Court's misinterpretation of Oklahoma law. Mr. Carter claims the Oklahoma Court of Criminal Appeals misinterpreted Oklahoma law and thus wrongfully allowed his present sentences to be enhanced.
 
 
 8
 The federal district court held it could not second-guess the Oklahoma Court's construction of State law and dismissed the petition. Mr. Carter appeals this decision. Rather than informing us why the district court's decision was erroneous, Mr. Carter continues to argue the Oklahoma Court's interpretation of Oklahoma law was erroneous.
 
 
 9
 A federal court's power is not unlimited. When reviewing a state court conviction, a federal court is limited to violations of federal constitutional and statutory law. A federal court has no authority to review a state's interpretation or application of its own laws. Estelle v. McGuire, --- U.S. ----, ----, 112 S.Ct. 475, 480 (1991); Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir.), petition for cert. filed, (U.S. Oct. 29, 1993) (No. 93-6572). The district court was correct in refusing to review a state holding on a state law.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470