25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph Charles MORENO, Petitioner-Appellant,
v.
Tom COOPER, Warden; and Gale A. Norton, Attorney General of
the State of Colorado, Respondents-Appellees.
 No. 94-1029.
 United States Court of Appeals, Tenth Circuit.
 May 20, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 This is an appeal from an order denying a petition for a writ of habeas corpus filed by a state prisoner. The petitioner has submitted the case on his brief, but the respondents have elected not to appear. We affirm.
 
 
 2
 Joseph Moreno was convicted of the crimes of first degree sexual assault and second degree kidnapping. In his petition, he asserted, as a conclusion only, an order issued from the state court allowing him to be taken into custody for the purpose of an identification lineup "was improperly issued in violation of [his] Fourth Amendment rights." The district court denied the petition on the ground petitioner had a full and fair opportunity to litigate the issue in state court. Stone v. Powell, 428 U.S. 465, 469 (1976).
 
 
 3
 Colorado criminal procedure permits a person to be taken into custody for "nontestimonial identification": 1) upon probable cause an offense has been committed; 2) upon reasonable grounds, not amounting to probable cause to arrest, to suspect the person committed the offense; and if 3) specific "nontestimonial procedures" will aid in determining whether the person committed the offense. Colo.R.Crim.P. 41.1. In contrast to the procedure for issuance of a search warrant based upon probable cause, the rule can be employed if the court issuing the custody order finds a "reasonable suspicion" to believe the defendant committed the offense. People v. Davis, 669 P.2d 130, 134 (Colo.1983).
 
 
 4
 Sifting through Mr. Moreno's brief for the kernel of his constitutional argument is somewhat difficult because he does not articulate just how the alleged violations of Rule 41.1 affected his Fourth Amendment rights. As a factual background for his arguments, he asserts simply that he was "brought in for questioning pursuant to a Rule 41.1 Order that was issued by the County Court." He fails to inform us what, if anything, resulted at that questioning, nor does he explain how those results brought about a constitutional error. Although he boldly claims the order was premised upon an affidavit which "contained conclusory hearsay information submitted by a juvenile confidential informant, as well as false and inaccurate statements made by the affiant," he does not establish either the accuracy of these assertions or a link between the asserted impropriety and his right to be free from illegal seizure.
 
 
 5
 It is only by reading the unpublished opinion of the Colorado Court of Appeals in his state case that we learn after he was taken into custody Mr. Moreno was placed in a lineup and identified by the victim. People v. Moreno, 89 CA 2048 (Colo.App.1992) (unpublished April 23, 1992). In essence, the state court held as a matter of state law Rule 41.1 was not violated because "under the totality of the circumstances recounted in the affidavit, there are specific and articulable facts which, taken together with the rational inferences from them, establish a reasonable suspicion to believe the defendant committed the crime for which nontestimonial identification evidence is sought." Id. In contrast to petitioner's claim the affidavit contained "false information," the Colorado court said the document:
 
 
 6
 incorrectly stated that the confidential informant had provided the officer with the defendant's full name and a description of the car he was driving. However, the [state trial] court determined that this statement resulted from the detective's negligence in improperly attributing the source of the specific pieces of information conveyed to him by the officer and not from an intent to falsify or from a reckless disregard for the truth.
 
 
 7
 This factual finding, emanating from a holding of the state trial court, is entitled to a presumption of correctness, 28 U.S.C. 2254(d); Tapia v. Tansey, 926 F.2d 1554, 1557 (10th Cir.), cert. denied, 112 S.Ct. 115 (1991). Petitioner has offered nothing to overcome this presumption.
 
 
 8
 Moreover, his constitutional arguments regarding the Rule 41.1 procedure are seriously clouded by the statement in his brief that "Joseph C. Moreno voluntarily responded to Police Headquarters for questioning ... pursuant to a Rule 41.1 order." (emphasis ours). Although this statement is not elaborated upon, we assume by its presence in the brief it is to be accorded some cognizance; yet, it is at least beguiling for petitioner to argue Fourth Amendment rights were violated in light of his voluntary compliance with the order he seeks to impeach. That argument has as much weight as one seeking to set aside the products of a search to which one admits he consented.
 
 
 9
 Finally, if we correctly understand what has been offered us, instead of a clearly articulated argument stating why he is presently incarcerated in violation of his federal constitutional rights, Mr. Moreno has simply reiterated the arguments advanced in state court that state law was improperly applied. Aside from citing Illinois v. Gates, 462 U.S. 213 (1983), a case dealing with the issue of probable cause in the context of a search warrant, petitioner cites no federal authority remotely supporting his arguments.
 
 
 10
 Of course, Gates is irrelevant because the Rule 41.1 procedure is predicated on "reasonable suspicion" and not probable cause. Federal habeas corpus is not an extension of the state appellate process, and without a demonstration of the constitutional infirmity of a state prisoner's incarceration, a federal court has no authority to order his release. Esquibel v. Rice, 13 F.3d 1430, 1433 (10th Cir.1994); Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir.), cert. denied, 114 S.Ct. 1074 (1994).
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470