Randy YOUNG, Petitioner,

v.

Robert D. HANNIGAN,
et al., Respondents.

No. 93–3123–DES.

United States District Court,
D. Kansas.

Aug. 31, 1994.

Randy Young, petitioner pro se.

Jean M. Schmidt, Office of the Atty. Gen., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner filed this action while confined in Hutchinson Correctional Facility in Hutchinson, Kansas. Petitioner was released on parole in October 1993.

Petitioner seeks habeas corpus relief from his 1991 conviction[1] for burglary and theft, for which petitioner was sentenced to a controlling sentence of three to seven years.

In this action, petitioner challenges his conviction and claims the trial court erred when it refused to give a requested jury instruction on entrapment. Having reviewed the record in this matter, the court makes the following findings and order.

Although the procedural history of this action is complex, the relevant factual background to petitioner's claim is rather straightforward. In 1989, a confidential informant named Frank Gracia called Philip McCready asking if McCready could get Gracia some tools. Gracia placed this call at the direction and under the supervision of Finney County police officer Utz. Police suspected McCready of being involved in a series of past burglaries in the area. In the phone call, McCready indicated he did not have the tools at that time, but would get some. Thereafter, McCready discussed with Young and another individual McCready's plan to steal the tools. The three men considered the offer a potential "set up" by the police, but McCready and Young decided to proceed in the criminal undertaking. McCready and Young burglarized two businesses, finding and taking tools from the

1. Petitioner was first convicted on the same charges in 1989. That conviction was reversed by the Kansas Court of Appeals, and the case was remanded for retrial.

second. They took the tools to the back yard of Young's home, and there McCready met with Gracia who gave McCready $500 for the tools. Shortly thereafter, the police stopped and arrested both McCready and Young on charges of burglary, theft, criminal destruction of property, and possession of cocaine. McCready entered into a plea agreement whereby he pled guilty to two counts of burglary and testified against Young, in exchange for the dismissal of other felony and misdemeanor charges.

At petitioner's retrial, petitioner requested that the jury be instructed regarding the defense of entrapment, arguing that but for police involvement in initiating Gracia's phone call to McCready, the crimes would not have been committed. The state trial court judge refused, finding no evidence that law enforcement officers, working through the confidential informant, ever approached Young or enticed him into a criminal scheme. The trial court also found no evidence that McCready was directed to enlist Young in the burglary plan.

■ The question presented for federal habeas review in this case is whether the failure to give the requested jury instruction "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire,* 502 U.S. 62, ——, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991), *citing Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 400–01, 38 L.Ed.2d 368 (1973). To warrant habeas corpus relief, the alleged error had to render the trial so fundamentally unfair such that petitioner was denied a constitutionally fair trial. *Hunter v. State of New Mexico,* 916 F.2d 595 (10th Cir.1990), *cert. denied, Hunter v. Tansey,* 500 U.S. 909, 111 S.Ct. 1693, 114 L.Ed.2d 87 (1991). The burden of proving fundamental unfairness in this context is a great one. *Lujan v. Tansy,* 2 F.3d 1031, 1035 (10th Cir.1993), *cert. denied* —— U.S. ——, 114 S.Ct. 1074, 127 L.Ed.2d 392 (1994). The court finds petitioner has not met this burden in the present case.

■ Petitioner's reliance on the defense of entrapment has no legal support. The Tenth Circuit is in the majority of circuits that do not recognize the defense of vicarious or derivative entrapment. *United States v.*

*Martinez,* 979 F.2d 1424, 1431 (10th Cir. 1992), *cert. denied* —— U.S. ——, 113 S.Ct. 1824, 123 L.Ed.2d 454 and —— U.S. ——, 113 S.Ct. 3019, 125 L.Ed.2d 708 (1993). "[T]he purpose behind the entrapment defense is to prohibit the government from directly involving an otherwise disinterested and disinclined person from committing a criminal offense. When the government has no contact with the accused, that purpose has no relevance; therefore, without direct government communication with the defendant, there is no basis for the entrapment defense." *Id.* at 1431–32. *See also United States v. Hollingsworth,* 27 F.3d 1196 (7th Cir.1994) (no defense of private entrapment exists).

■ In the present case, the state trial court found there was insufficient evidence to instruct the jury on entrapment. This conclusion was affirmed on direct appeal. This state court finding is entitled to a presumption of correctness. 28 U.S.C. § 2254(d). The court finds nothing in the record to suggest this finding is erroneous, and concludes petitioner is not entitled to habeas corpus relief.

IT IS THEREFORE BY THE COURT ORDERED that the petition for writ of habeas corpus is dismissed and all relief denied. The clerk of the court is directed to transmit copies of this Memorandum and Order to petitioner and respondent.