TACHA, Circuit Judge,
concurring.
I concur in the judgment but write separately to express my view that the majority misinterprets 28 U.S.C. § 2254(d), which requires us to presume that the factual findings of the New Mexico courts are correct.
The issue before us is whether the admission of Ms. Miles’s out-of-court statement to the police violated the defendant’s Sixth Amendment rights. As the majority points out, this issue ultimately turns on whether the statement contains “particularized guarantees of trustworthiness” that make it uncommonly worthy of belief. See Lee v. Illinois, 476 U.S. 530, 543, 106 S.Ct. 2056, 2063, 90 L.Ed.2d 514 (1986) (discussing Ohio v. Roberts, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980)). People are very unlikely to inculpate themselves falsely; therefore, the fact that a statement is against a declarant’s penal interests “is itself one of the ‘particularized guarantees of trustworthiness’ .that makes a statement admissible under the Confrontation Clause.” Williamson v. United States, 512 U.S. 594, 605, 114 S.Ct. 2431, 2437, 129 L.Ed.2d 476.(1994).
The state court found that Ms. Miles’s statement was against her penal interest and admissible. The majority disagrees and finds a violation of the Confrontation Clause. The majority bases its disagreement with the state court on a point of fact, which the statute obligates us to presume correct, rather than a point of law. I therefore cannot join its reasoning.
In habeas corpus actions, federal courts must give great deference to the factual findings made by state courts. According to the relevant statute, “‘a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction ... shall be presumed to be correct’ unless one of eight enumerated circumstances is established.” Williamson v. Ward, 110 F.3d 1508, 1513 n. 7 (10th Cir.1997) (quoting 28 U.S.C. § 2254(d)).[1] In habeas corpus appeals, therefore, we must carefully separate factual issues from legal issues, and take issue only with the latter.
Distinguishing between law and fact is always a difficult enterprise, see Pullman-Standard v. Swint, 456 U.S. 273, 288, 102 S.Ct. 1781, 1789-90, 72 L.Ed.2d 66 (1982), and particularly so with regard to whether a statement is against a declarant’s penal interest. There are several reasons to call that *651 determination a legal one. To begin with, the Supreme Court has said that factual issues under section 2254(d) are limited to “basic primary, or historical facts: facts in the sense of a recital of external events and the credibility of their narrators.” Thompson v. Keohane, 516 U.S. 99, 110, 116 S.Ct. 457, 464, 133 L.Ed.2d 383 (1995) (citations and internal quotation marks omitted). The penal interest question cannot be resolved solely by review of historical facts. To determine whether a statement is against the declarant’s penal interest, courts apply an objective legal standard to pure historical facts: they ask if the statement “‘so far tend[s] to subject the declarant to ... criminal liability ... that a reasonable person in the declarant’s position would not have made the statement unless believing it to be true.’ ” Williamson, 512 U.S. at 606, 114 S.Ct. at 2438 (Sealia, J., concurring) (quoting Fed. R.Evid. 804(b)(3)); see also Thompson, 516 U.S. at 112, 116 S.Ct. at 465 (determining that whether a person is “in custody” is a legal question because it requires court to apply an objective standard to the facts); Earnest v. Dorsey, 87 F.3d 1123, 1131 (10th Cir.) (suggesting that mixed question of law and fact is not entitled to presumption of correctness), cert. denied, — U.S. -, 117 S.Ct. 527, 136 L.Ed.2d 414 (1996). Furthermore, outside the habeas corpus context, courts have found the penal interest question to be a legal one. See, e.g., United States v. Barone, 114 F.3d 1284, 1296 (1st Cir.), cert. denied, — U.S. -, 118 S.Ct. 614, 139 L.Ed.2d 500 (1997); United States v. Costa, 31 F.3d 1073, 1077 (11th Cir.1994).
A strong case can also be made; however, for classifying the penal interest issue as a factual one for purposes of section 2254(d). At the Supreme Court’s own admission, it “has classified as ‘factual issues’ within § 2254(d)’s compass questions extending beyond the determination of ‘what happened.’ ” Thompson, 516 U.S. at 111, 116 S.Ct, at 464. When an “issue falls somewhere between a pristine legal standard and a simple historical fact,” the distinction at times has turned not on analysis, but rather on a practical consideration of which judicial actor-is better situated to decide the disputed issue. Miller v. Fenton, 474 U.S. 104, 114, 106 S.Ct. 445, 451-52, 88 L.Ed.2d 405 (1985). Thompson, the Court’s most recent pronouncement on section 2254(d), does not repudiate that approach. Thompson approves of two decisions that classify mixed questions of law and fact—specifically, a defendant’s competency to stand ' trial and juror impartiality—as “facts” for purposes of section 2254(d) because the “resolution [of those issues] depends heavily on the trial court’s appraisal of witness credibility and demeanor.” See Thompson, 516 U.S. at 111, 116 S.Ct. at 465.
More importantly, Thompson suggests that there is little if any point in classifying a mixed question of law and fact as “law” if de novo appellate review of the question will not produce opinions that draw lines and make later decisions easier. See id. at 114 n. 14, 116 S.Ct. at 466 n. 14 (“[T]he likely absence of precedential'value cuts against requiring plenary appellate review of a district court’s determination.”). The penal interest question is notoriously resistant to clarifying precedent. It is the kind of question that “can only be determined by viewing it in context,” and that is “a fact-intensive inquiry, which ... require[s] careful examination of all the circumstances surrounding the criminal activity involved.” Williamson, 512 U.S. at 603, 604, 114 S.Ct. at 2436, 2437.
Whether the penal interest issue is one of fact—and therefore entitled to a presumption of correctness—or law is a close question. The majority reviews it de novo without discussion. Even assuming, without conceding, that the majority is correct and the presumption does not attach to the finding on penal interest, however, the majority opinion still fails to observe the commands of section 2254(d).
Regardless of whether a mixed question of law and fact is governed by section 2254(d), it is undisputed that “the questions of fact that underlie [the] ultimate conclusion are governed by the statutory presumption.” Sumner v. Mata, 455 U.S. 591, 597, 102 S.Ct. 1303, 1307, 71 L.Ed.2d 480 (1982) (per curium) (emphasis in original). In this case, therefore, we must presume that the state court correctly determined issues of historical fact, such as Ms. Miles’s reasons for *652 making the statement. The majority gives no deference to that factual finding.
The majority acknowledges that the state court “set forth the correct legal standard.” Maj. Op. at 647. The operative question was whether the statement so far tended to subject the declarant to criminal liability that a reasonable person in the declarant’s position would not have made the statement unless she believed it to be true. See Williamson, 512 U.S. at 603-04, 114 S.Ct. at 2436-37. The majority disagrees with the court’s application of the facts to this legal standard, but not for reasons that one could call legal.
Instead, the majority’s conclusion hinges on its belief that Ms. Miles did not tell the truth and tried to minimize her role in the robbery:
In her statement, Miles did not admit to committing the stabbing and claimed she could not remember anything about it; the clerk’s .testimony, however, indicates she was the stabber. Miles also claims that . she did not remember demanding money ■ of the store clerk and states that her companion told the clerk to ppen the cash register. Yet, according to the clerk’s testimony, it was she, the female robber, who . demanded money. She emphasized her drunken state and implied that her accomplices threatened her.
Maj. Op. at 648 (emphasis added). This passage, which forms the basis for the majority’s disagreement with the state court, makes a number of conclusions. By contrasting Ms. Miles’s statement with the testimony of the clerk, the court concludes that Ms. Miles was the stabber, that she demanded the money from the clerk, that she in fact remembered doing those things at the time she made her statement, and that she chose to hide those facts from the police in order to minimize her role in the robbery.
All of these conclusions are factual in nature—in fact, they are archetypes of factual questions. Who stabbed the clerk and who demanded money are classic questions of “what happened.” More importantly, it is beyond doubt that the credibility of Ms. Miles’s statement and her particular reasons for making it are facts. See United States v. Bohl, 25 F.3d 904, 909 (10th Cir.1994) (describing intent as quintessentially a factual question); Davidson’s Estate v. Commissioner, 158 F.2d 239, 243 (10th Cir.1946) (“The impelling motive in each case is a question of fact____”); Thompson, 516 U.S. at 110, 116 S.Ct. at 464 (stating that factual issues are “facts in the sense of a recital of external events and the credibility of their narrators ”) (emphasis added) (citations and internal quotation marks omitted).
The state courts did not make explicit factual findings to the contrary, but that is immaterial. In a habeas appeal, we must presume correct both the explicit and the implicit factual findings of the state courts. See Lujan v. Tansy, 2 F.3d 1031, 1035 (10th Cir.1993). The state court implicitly found that Ms. Miles did not intentionally minimize her role in the crime when she made her statement to the police. If she knowingly concealed the extent of her involvement and emphasized the actions of the others, her statement would not have been genuinely self-inculpatory. Rather, it would be clear to any court that the statement was motivated by a desire to decrease her liability at the expense of her co-defendants. A court could not find such a deceitful statement to possess the required “particularized guarantees of trustworthiness.” Lee, 476 U.S. at 543, 106 S.Ct. at 2063.
The. majority intimates that the state courts may not have evaluated the truthfulness of the statement, even implicitly. According to the majority, the state “appeals court looked only to whether Miles’s statement subjected her to any liability.” Maj. Op. at 648 (emphasis in original). That court, however, did not use an “any liability” test. Instead, it correctly noted that a statement against interest is one that “so far tended to subject [the declarant] to criminal liability that a reasonable man in his position would not have made the statement unless he believed it to be true.” State v. Crespin, No. 13,029, slip op. at 2. This standard does not include statements that attempt to “mitigat[e the declarant’s] responsibility for the crimes,” Maj. Op. at 648, as the majority characterizes Ms. Miles’s confession. Therefore, the majority bases its disagreement *653 with the state court on an implicit factual finding of the state court.
The presumption of correctness in 28 U.S.C. § 2254(d) requires us to accept the state court’s contrary finding and therefore find the statement to be one against the declarant’s penal interests. That is enough to make the statement admissible under the Confrontation Clause. See Williamson v. United States, 512 U.S. at 605, 114 S.Ct. at 2437-38. Thus, I find no constitutional error in this case.
For the reasons outlined above, I respectfully disagree with the majority’s analysis and concur in the judgment.

. The portion of section 2254 applicable here was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 after Crespin filed his petition for a writ of habeas corpus. Because the statute was passed after Crespin filed his petition, however, the amendments do not apply here. See Nelson v. Walker, 121 F.3d 828, 833 n. 4 (2d Cir.1997) (citing Lindh v. Murphy, — U.S. -, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997)).