**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILEY GENE JULY,

       Petitioner-Appellant,

v.

RON CHAMPION,

       Respondent-Appellee.

No. 00-7029
(E. District of Oklahoma)
(D.C. No. 98-CV-355-S)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining Petitioner's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The court therefore orders the case submitted without oral argument.

Wiley Gene July, proceeding *pro se*, seeks a certificate of appealability

("COA") to enable him to appeal the district court's denial of the habeas petition

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that an appeal may not be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). July was convicted of first degree murder in Oklahoma state court and received a sentence of life without parole. July filed a direct appeal with the Oklahoma Court of Criminal Appeals ("OCCA"). July raised four issues in his direct appeal: (1) the denial of the assistance of an expert at his trial violated his rights to due process and the effective assistance of counsel; (2) statements he gave during custodial interrogations were not made voluntarily because he was intoxicated; (3) the waiver of his *Miranda* rights was not made knowingly, voluntarily, and intelligently; and (4) the state trial court erred when it denied his request to instruct the jury on voluntary intoxication and on the lesser-included offense of first degree manslaughter.

The OCCA addressed each of July's claims and issued an opinion wherein it affirmed July's conviction and sentence. July filed the instant § 2254 habeas petition with the United States District Court for the Eastern District of Oklahoma on July 20, 1998. In his habeas petition, July reasserted the four claims he raised before the OCCA.

The district court assigned the matter to a United States magistrate judge who made findings and recommended July's habeas petition be dismissed. After

reviewing July's objections, the district court adopted the magistrate judge's findings and recommendation, and dismissed July's petition. The district court also refused to grant July a COA and denied his motion to proceed *in forma pauperis* on appeal. July's renewed request to proceed *in forma pauperis* is granted.

July filed his habeas petition after April 24, 1996 and, therefore, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this court's review of his claims. Each of July's claims has already been addressed by the OCCA on the merits. Under the standards of review set out in 28 U.S.C. § 2254(d), therefore, this court cannot grant the writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented at trial." *Id*. § 2254(d)(2); *see also Williams v. Taylor*, 120 S. Ct. 1495, 1518-23 (2000) (interpreting 28 U.S.C. § 2254(d)(1)).

July first claims that his due process rights were violated because the state of Oklahoma refused to hire an expert to assist him in presenting a defense of involuntary intoxication. He further claims this denial rendered his counsel ineffective. Both elements of this claim were addressed by the OCCA in July's

direct appeal. The OCCA concluded that July had failed to make a preliminary showing that he needed the assistance of an expert. *See Ake v. Oklahoma*, 470 U.S. 68, 82-83 (1985); *Caldwell v. Mississippi*, 472 U.S. 320, 323 n.1 (1985) (interpreting *Ake* to require "more than undeveloped assertions that the requested assistance would be beneficial").

The OCCA further concluded that July failed to demonstrate that he suffered any prejudice because of the state's failure to provide an expert. The OCCA noted that an expert would not have been permitted to testify regarding July's capability to form the requisite intent to commit first degree murder. *See Hooks v. State*, 862 P.2d 1273, 1279 (Okla. Crim. 1993). The OCCA further noted that the state medical examiner was available to testify as to the "general characteristics of intoxication" and that July could have presented other witness "to testify as to his level of intoxication." *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that petitioner must show both that his counsel was ineffective and that he was prejudiced by counsel's deficient performance). The OCCA, thus, concluded that July had failed to establish that he was prejudiced by the failure to appoint an expert. After a thorough review of the record, this court agrees with the district court that the OCCA's disposition of this claim is not "contrary to" or an "unreasonable application of, clearly established Federal law." *Williams*, 120 S. Ct. at 1523.

July next claims that statements he made to police officers during custodial interrogations should have been excluded because they were not made voluntarily. The OCCA applied the "totality of the circumstances" test to determine whether July's confession was voluntary. *See Arizona v. Fulminante*, 499 U.S. 279, 285 (1991). In reaching the conclusion that July's statements were given voluntarily, the OCCA relied on evidence in the record that despite his intoxication, July appeared rational and gave coherent, appropriate responses to all questions asked of him. The OCCA also noted the lack of evidence that July was coerced into making the statements.

The OCCA also rejected July's claim that his waiver of his *Miranda* rights was not made knowingly, voluntarily, and intelligently because of his intoxication. The OCCA specifically found that July was Mirandized before he made statements to the police and that he unequivocally indicated to police that he understood his rights as they were explained to him by the officer. The OCCA also found that the record contained no evidence that July was intimidated or coerced into waiving his constitutional rights. *See Moran v. Burbine*, 475 U.S. 412, 421 (1986) (holding that *Miranda* rights are properly waived if "the totality of the circumstances surrounding the interrogation reveal[s] both an uncoerced choice and the requisite level of comprehension"). The OCCA's disposition of July's claims relating to statements he made to police officers is neither "contrary

to" nor an "unreasonable application of, clearly established Federal law" and is not "based on an unreasonable determination of the facts in light of the evidence presented at trial." 28 U.S.C. § 2254(d)(1), (2).

July's final argument is that the trial court improperly failed to instruct the jury on the lesser-included offense of voluntary manslaughter and improperly failed to given an instruction on voluntary intoxication. July's claim relating to the lack of an instruction on the lesser-included offense fails because this court has held that a state court's failure to give a lesser-included instruction in a non-capital case never raises a constitutional question. *See Lujan v. Tansay*, 2 F.3d 1031, 1036-37 (10th Cir. 1993). Because § 2254 can be invoked only to correct violations of the United States Constitution, July's claim on the lesser-included instruction, is not cognizable in a § 2254 habeas petition. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

July's claim that his due process rights were violated by the trial court's failure to instruct the jury on voluntary intoxication also fails. July raised his claim before the OCCA; the OCCA concluded July had failed to introduce any evidence that "he was so intoxicated that he was unable to form the necessary intent to kill." Even if this court were to conclude the state court erred by failing to give the requested jury instruction, July is not entitled to relief on this claim in a § 2254 habeas petition unless the state court's error "had the effect of rendering

-6-

the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense." *Brinlee v. Crisp*, 608 F.2d 839, 854 (10th Cir. 1979). After a thorough review of the record, this court concludes July's trial was not rendered fundamentally unfair by the state court's failure to give the requested instruction on voluntary intoxication.

July must make a "substantial showing of the denial of a constitutional federal right" before he is entitled to a COA. 28 U.S.C. § 2253(c)(2). July may make this showing by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000). Upon review of the relevant case law, July's appellate brief and his application for a COA, and the entire record on appeal, we agree with the district court's conclusion that July has failed to demonstrate that the OCCA's adjudication of his claims is "contrary to, or involved an unreasonable application of, clearly established Federal law," or is "based on an unreasonable determination of the facts in light of the evidence presented at trial." 28 U.S.C. § 2254(d)(1), (2). July's claims on appeal, therefore, lack merit.

This court concludes the issues raised by July are not reasonably debatable, subject to a different resolution on appeal, or deserving of further proceedings. July has not made a substantial showing of the denial of a federal right and he is

not entitled to a COA.  *See* 28 U.S.C. § 2253(c)(2).  Consequently, we  **deny** July's application for a COA  and **dismiss**  his appeal for substantially those reasons set out in the magistrate judge's findings and recommendation dated November 8, 1999.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge