**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 3, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WAYNE SIMMONS,

      Petitioner-Appellant,

v.

RON WARD,

      Respondent-Appellee.

No. 04-5183
(D.C. No. 01-CV-688-E)
(N.D. Okla.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Before **BRISCOE** , **LUCERO** , and **MURPHY** , Circuit Judges.

Wayne Simmons, a state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 petition. For substantially the same reasons set forth by the district court, we **DENY** Simmons' request for a COA and **DISMISS**.

In July 1998, Simmons was convicted of first-degree murder and assault and battery with a deadly weapon in Oklahoma state court, and was sentenced to life imprisonment without possibility of parole for the murder conviction and ninety-nine years for the assault and battery conviction. During state appellate proceedings, the Oklahoma Court of Criminal Appeals ("OCCA") rejected Simmons' four claims of error and affirmed his conviction and sentence.

Simmons filed the instant petition in federal district court pursuant to § 2254 raising eight claims which restated the four raised in his direct state appeal.[1]  The eight claims were substantively indistinct from the four raised on direct appeal. Accordingly, the district court organized Simmons' eight claims into the following four categories:  (1) sufficiency of the evidence in that the evidence at trial failed to establish that Simmons fired the shots that caused the injury or death (ground 1); (2) sufficiency of the evidence in that the evidence failed to establish that Simmons had the required intent to support first degree murder (ground 2); (3) failure to instruct the jury on lesser included offenses (ground 3); and (4) improper prosecutorial arguments that warrant reversal or modification of his sentence (grounds 4-8).

Under AEDPA, if a claim is adjudicated on the merits in state court, we

---

[1] Simmons' petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case.  See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  This requires Simmons to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000)  (quotations omitted).  Because the district court denied Simmons a COA, he may not appeal the district court's decision absent a grant of COA by this court.

will grant habeas relief only if that adjudication resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). After careful review of Simmons' application, the district court's order denying relief, and the material portions of the record on appeal, we conclude that Simmons' claims are without merit. Accordingly, Simmons has failed to make "a substantial showing of the denial of a constitutional right." § 2253(c)(2).

In response to Simmons' allegations, the district court determined that OCCA's decisions on Simmons' claims were neither unreasonable determinations of fact nor unreasonable applications of the standards for determining sufficiency of the evidence, failure to give a jury instruction, or prosecutorial misconduct, and denied habeas relief on these bases. We agree.

The OCCA evaluated Simmons' insufficiency of the evidence claims and concluded that the evidence was sufficient to support a finding that Simmons fired the shots that injured both victims. The OCCA also rejected Simmons' challenge to the sufficiency of the evidence supporting the element of intent, finding that the evidence showed that Simmons aimed the gun before shooting, and that "his conduct of holding the gun with both hands, arms extended at chest

level and squatting down to fire contradicts his claim of lack of intent." The district court found that OCCA's two decisions on sufficiency of the evidence were not contrary to, or an unreasonable application of _Jackson v. Virginia_, 443 U.S. 307, 324 (1979).

As for Simmons' claims that the trial court failed to give instructions on lesser included offenses, OCCA determined that the jury did receive a lesser included offense instruction on "First Degree Manslaughter– Heat of Passion." In his state appeal, Simmons argued that he should have received a "Second Degree Murder" instruction and a "First Degree Manslaughter – Misdemeanor" instruction. The OCCA rejected these claims, noting that the defense counsel had specifically objected to the giving of any instructions on lesser included offenses, and that the evidence at trial did not support the giving of other lesser included offense instructions. Based on the standard in _Henderson v. Kibbe_, 431 U.S. 145, 154 (1977) and _Nguyen v. Reynolds_, 131 F.3d 1340, 1357 (10th Cir. 1997), the district court found that Simmons had failed to demonstrate that any error in the jury instructions was so fundamentally unfair as to deprive him of a fair trial and due process of law. Citing _Lujan v. Tansy_, 2 F.3d 1031, 1036 (10th Cir. 1993), the district court also noted that we have held that failure of a state court to instruct on a lesser included offense in a noncapital case never raises a federal constitutional question.

Finally, Simmons argued that the prosecutor's "high-spirited jabs" at defense counsel and misstatement of the evidence in closing argument denied him a fundamentally fair trial. After reviewing the alleged instances of prosecutorial misconduct, the OCCA concluded that none warranted relief, particularly as the comments were objected to, sustained, and the trial court immediately gave curative instructions. The district court found that the OCCA's rejection of this claim was not an unreasonable application of constitutional law under the standards in Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974), because the prosecutor's remarks did not so infect the trial with unfairness as to deny his right to due process.

Because we determine that OCCA's resolution of these issues was a reasonable application of clearly established Federal law, based on a reasonable determination of the facts in light of the evidence presented in the state court proceeding, Simmons' application for a COA is **DENIED** and the appeal is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-5-