**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEROME MONROE,

　　　　　Petitioner - Appellant,

　　v.

ERIC R. FRANKLIN,

　　　　　Respondent - Appellee.

No. 12-5061

N.D. Oklahoma

(D.C. No. 4:08-CV-00434-TCK-TLW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

　　　　Proceeding *pro se*, Jerome Monroe seeks a certificate of appealability

("COA") from this court so he can appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no

appeal may be taken from a final order disposing of a § 2254 petition unless the

petitioner first obtains a COA). Because Monroe has not "made a substantial

showing of the denial of a constitutional right," this court **denies** his request for a

COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

　　　　An Oklahoma jury found Monroe guilty of first degree murder, in violation

of Okla. Stat. tit. 21, § 701.7. After considering four challenges Monroe raised

on direct appeal, including multiple allegations of ineffective assistance of trial

counsel, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the conviction in an unpublished opinion but remanded the matter for resentencing. Monroe's sentence was modified to life with the possibility of parole and the amended judgment was entered on June 28, 2007.

Monroe filed the instant § 2254 habeas petition on July 28, 2008, and Respondent moved to dismiss it for failure to exhaust state remedies. Monroe sought and was granted permission to file an amended petition, in which he raised two claims previously presented to the OCCA in his direct appeal: (1) his trial was fundamentally unfair because the trial court refused to instruct the jury on the lesser-included offense of second degree manslaughter and (2) his trial counsel provided ineffective assistance by failing to object to the testimony of Dr. Andrew Sibley, a forensic pathologist. The district court concluded, *inter alia*, that Monroe could not prevail on his claim relating to the alleged instructional error because a trial court's failure to give a lesser-included instruction in a non-capital case never raises a federal constitutional question. *See Lujan v. Tansay*, 2 F.3d 1031, 1036-37 (10th Cir. 1993); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). As to Monroe's claim of ineffective assistance of trial counsel, the district court applied the standard set forth in the Antiterrorism and Effective Death Penalty Act, and concluded the OCCA's adjudication of that claim was not

contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). The district court, accordingly, denied Monroe's petition and entered judgment in favor of Respondent. On the day the judgment was entered, Monroe filed a motion styled, "Motion to Take Judicial Notice of Adjudicative Facts." The district court denied this motion as moot.

In his appellate brief, Monroe challenges the district court's disposition of his two substantive claims, and also argues the court erred by failing to hold an evidentiary hearing and by refusing to consider the information contained in his Motion to Take Judicial Notice. To be entitled to a COA, Monroe must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Monroe has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Monroe need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Monroe's application for a COA and appellate brief, the district court's Order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Monroe is not entitled to a COA. The district court's resolution of his claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Because Monroe's claims were capable of being resolved on the record, the district court did not abuse its discretion by failing to hold an evidentiary hearing. *See Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003). Further, the district court did not err in refusing to consider Monroe's Motion to Take Judicial Notice of Adjudicative Facts because not only was the motion filed after the district court had entered judgment, but it is clear from the court's order that it considered all the factual bases underlying Monroe's claims.

Because Monroe has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2). This court **denies** Monroe's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-