**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILFORD CARL THOMPSON, JR.,

    Petitioner - Appellant,

v.

TERRY MARTIN, Warden,

    Respondent - Appellee.

No. 14-5037
(D.C. No. 4:10-CV-00738-TCK-TLW)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

Petitioner Wilford Thompson seeks a certificate of appealability to appeal the

district court's denial of his § 2254 federal habeas petition. Petitioner is currently serving

a life sentence following his Oklahoma state court convictions for first-degree murder,

possession of a stolen vehicle, and first-degree burglary. In his federal habeas petition,

Petitioner raised several claims for relief, including two jury instruction challenges, an

argument relating to the introduction of evidence regarding his prior convictions during

the sentencing phase of his jury trial, multiple allegations of ineffective assistance of

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

counsel, and a claim of cumulative error. The district court denied Petitioner's request for habeas corpus in a twenty-nine page opinion that explained in detail why each claim did not entitle Petitioner to relief under federal law.

In his application for a certificate of appealability, Petitioner focuses on his arguments relating to the lack of a jury instruction on lesser-included offenses, the introduction of his prior convictions during the sentencing phase of his trial, defense counsel's alleged ineffectiveness relating to these two issues, and his claim of cumulative error. As the district court explained, a state court's failure to instruct the jury on lesser-included offenses in a non-capital case does not give rise to habeas relief. *See Lujan v. Tansy*, 2 F.3d 1031, 1036 (10th Cir. 1993). As for the evidence of Petitioner's prior convictions during the sentencing phase of his trial, this error only had the potential to affect Petitioner's sentence, and the Oklahoma Court of Criminal Appeals already granted Petitioner all the relief to which he was entitled by modifying his sentence from life without parole to the statutory minimum sentence of life with the possibility of parole. Petitioner's arguments on these points also fail to demonstrate that his attorney provided ineffective assistance or that these alleged errors cumulatively deprived him of a fair trial.

After thoroughly reviewing Petitioner's filings and the record on appeal, we conclude that reasonable jurists would not debate the district court's resolution of this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, for substantially

the same reasons given by the district court, we **DENY** Petitioner's request for a

certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge