**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

JOE LEWIS HOSKINS,

     Petitioner-Appellant,

v.

STEVE HARGETT,

     Respondent-Appellee.

No. 00-5063
(N.D. Okla.)
(D.Ct. No. 97-CV-231-K)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

     Appellant Joe Lewis Hoskins, a state inmate appearing *pro se*, appeals the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's decision denying his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We deny Mr. Hoskin's request for a certificate of appealability and dismiss his appeal.

A jury convicted Mr. Hoskins of first degree murder of Bobbie Lee Smith, and the court sentenced him to life in prison without the possibility of parole. Evidence at trial established Mr. Hoskins brutally beat Ms. Smith with a lead pipe and a metal crutch for approximately an hour with such force that the metal crutch broke into pieces. At trial, Mr. Hoskins did not deny killing Ms. Smith, but contended he acted in self-defense. Following his conviction, Mr. Hoskins filed a direct appeal with the Oklahoma Court of Criminal Appeals, raising multiple grounds of error. The court affirmed Mr. Hoskins' conviction on the merits.

Following his direct state appeal, Mr. Hoskins filed his federal § 2254 petition, raising several grounds for error. The district court denied Mr. Hoskins' § 2254 petition. On appeal, Mr. Hoskins raises two of the grounds of error raised in his petition and addressed by the district court. Specifically, he contends the state trial court (1) materially suppressed his right to present a defense when it admonished the jury to disregard his statement Ms. Smith killed her boyfriend, and (2) committed reversible error by refusing to instruct the jury on the lessor

offenses of First Degree Manslaughter by Resisting Criminal Attempt and Second Degree Murder.

Our review of Mr. Hoskins' appeal begins with our standard of review. We review the legal basis for the district court's denial of Mr. Hoskins' § 2254 petition *de novo* and its factual findings under the clearly erroneous standard. *See Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999,) *cert. denied*, 120 S. Ct. 944 (2000). Because this is a habeas review, we will not disturb the state court's evidentiary rulings unless Mr. Hoskins demonstrates the court's error was "so grossly prejudicial it fatally infected the trial and denied [him] the fundamental fairness that is the essence of due process." *Fox. v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation marks and citation omitted), *cert. denied*, ___ S. Ct. ___, 2000 WL 1281480 (U.S. Oct. 10, 2000) (No. 00-5995). Because we are reviewing a § 2254 petition, we may not grant habeas relief unless the state court's decision was:

> "(1) ... contrary to, or involved an unreasonable application of, clearly established federal law ...; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Rogers*, 173 F.3d at 1282 (quoting 28 U.S.C. §§ 2254(d)(1), (2)). In order to obtain a certificate of appealability, Mr. Hoskins must make "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Under these standards and the circumstances presented, we conclude Mr. Hoskins fails to make substantial showing of the denial of a constitutional right as required by § 2253(c)(2). We make this determination after carefully reviewing the pleadings, record on appeal, and the district court's decision.

We begin by noting the district court conducted a well-explained discussion of the issues Mr. Hoskins raises on appeal. Applying the controlling Supreme Court and Tenth Circuit authority, the district court addressed Mr. Hoskins' claim the trial court erroneously prohibited him from testifying Ms. Smith previously killed another individual. The district court, like the Oklahoma Court of Criminal Appeals, concluded that even if the trial court erred in prohibiting this evidence, it did not significantly influence the jury's decision in light of the other evidence admitted concerning Ms. Smith's reputation as a violent person. We agree. At trial, Mr. Hoskins testified the victim, Ms. Smith, maintained a reputation in the community for violence and he feared she would kill him. When asked why he was afraid, he answered "[b]ecause awhile back, she had killed her boyfriend." The state trial court sustained the state's objection to this statement and admonished the jurors not to consider it. As both the Oklahoma Court of

Criminal Appeals and district court recognized, the colloquy between defense counsel and Mr. Hoskins immediately following the admonishment shows introduction of evidence concerning Ms. Smith's volatility and relating to Mr. Hoskins' self-defense theory that he feared Ms. Smith would kill him:

Q: (By Ms. Johnson) ... Why were you afraid?

A: Because I have seen stuff with her former boyfriends that she hurt.

Q: Have you ever seen her injure another man.

A: Yes.

...

Q: (By Ms. Johnson) Have you ever seen her injure another man with a weapon, Joe?

A: Yes, I have.

Q: Were you thinking about that at the time this fight occurred?

...

A. Yes.

As the Oklahoma Court of Criminal Appeals further ascertained, Mr. Hoskins also presented other evidence concerning Ms. Smith's volatility through the testimony of his common-law wife, Gladys Verner.[1]  Moreover, the Oklahoma

---

[1]  For example, when asked what Ms. Smith's reputation in the community was, Ms. Verner said "when she drinks she get[s] out of control."  Ms. Verner also testified she

Court of Criminal Appeals pointed out the brutal one-hour beating of Ms. Smith did not support Mr. Hoskins' self-defense theory. Consequently, it determined the excluded testimony "could have added nothing to the evidence presented." In other words, even if the trial court erred in excluding Mr. Hoskins' statement, its exclusion did not prejudice his defense or the outcome of his trial. Given our review of the evidence, we cannot say the Oklahoma Court of Criminal Appeals' ruling on the exclusion of Mr. Hoskins' statement resulted in a decision contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented at trial. *See* 28 U.S.C. §§ 2254(d)(1), (2); *Valdez v. Ward*, 219 F.3d 1222, 1229 (10th Cir. 2000); *Rogers*, 173 F.3d at 1282.

As to the trial court's failure to provide instructions on First Degree Manslaughter by Resisting Criminal Attempt and Second Degree Murder, the Oklahoma Court of Criminal Appeals concluded the evidence and Oklahoma statutory law did not support giving such instructions. The Oklahoma court first determined the fact Mr. Hoskins brutally beat Ms. Smith for over an hour, with such severity it broke a metal crutch into pieces, did not meet the statutory

_____

and Ms. Smith previously fought with each other and on one occasion after drinking, Ms. Smith hit her.

requirements for First Degree Manslaughter by Resisting Criminal Attempt, which required a showing of honest but unreasonable belief that Mr. Hoskins was in danger of injury or that slaying was the only way to prevent injury to himself. Next, it found Mr. Hoskins' theory of intentional killing due to self-defense inconsistent with the act of second degree murder which requires no premeditated intent to kill. The federal district court afforded the state courts' ruling on these issues a presumption of correctness.

Mr. Hoskins incorrectly contends the district court's decision is contrary to the Supreme Court's ruling in *Beck v. Alabama*, 447 U.S. 625 (1980) and our decision in *Hogan v. Gibson*, 197 F.3d 1297 (10th Cir. 1999), *cert. denied*, ___ S. Ct. ___, 2000 WL 794991 (U.S. Oct. 10, 2000) (No. 99-6147). First, the principles announced in those decisions do not affect Mr. Hoskins' appeal because they concern capital conviction cases, not noncapital cases like Mr. Hoskins'. *See Beck*, 447 U.S. at 627, 638 n.14; *Hogan*, 197 F.3d at 1302-04. In addition, in *Hogan* the evidence supported giving instructions on the lesser offense of first degree manslaughter. *Id.* at 1303-05, 1308-12. In this case, the state court clearly determined the evidence and the applicable state statutory law did not support Mr. Hoskins' request for instructions on First Degree Manslaughter by Resisting Criminal Attempt or Second Degree Murder. Even if

we disagreed, we have held a petitioner in noncapital cases is not entitled to a lesser-included offense instruction, regardless of whether we believe sufficient evidence supports it. *See Lujan v. Tansy*, 2 F.3d 1031, 1036 (10th Cir. 1993), *cert. denied*, 505 U.S. 1120 (1994).

Thus, as the federal district court acknowledged, the Oklahoma Court of Criminal Appeal's determination on this issue is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1), which Mr. Hoskins failed to sufficiently overcome. *See Valdez*, 219 F.3d at 1229. In sum, Mr. Hoskins fails to show the Oklahoma court's ruling on the requested lessor instructions resulted in a decision contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented at trial. *See* 28 U.S.C. §§ 2254(d)(1), (2); *Valdez*, 218 F.3d at 1229-30; *Rogers*, 173 F.3d at 1282. In other words, Mr. Hoskins fails to show the state court's ruling was unreasonable. *Cf. Valdez*, 219 F.3d at 1229-31.

Accordingly, for substantially the same reasons set forth in the district court's March 29, 2000 Order, we deny Mr. Hoskins' request for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-9-