**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AMRIT MOHAN THOMPSON,

        Petitioner-Appellant,

v.

STEVEN BECK, Warden,

        Respondent-Appellee.

No. 05-5196

(N.D. of Okla.)

(D.C. No. CV-02-628-CVE)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

---

Petitioner-Appellant Amrit Thompson, a state prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  We agree with the district court that the COA should not issue because Thompson has not made a substantial

---

[*]  This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

showing of the denial of a constitutional right. Accordingly, we DENY the COA and DISMISS the appeal.

## I. Background

In 1999 Thompson was convicted by an Oklahoma jury for first degree murder with intent to kill. The basis for this conviction was a shooting earlier that year in which Thompson and others shot from one moving car at three victims in another moving car. One of the three was killed; the other two were wounded but survived.

Thompson appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA) but did not seek post-conviction relief through the Oklahoma state courts. He subsequently sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 from the United States District Court for the Northern District of Oklahoma. In his federal petition, Thompson claimed his constitutional rights had been violated based on (1) the trial court's failure to instruct the jury on second degree murder and manslaughter, (2) the trial court's refusal to give an accomplice instruction, and (3) the insufficiency of the evidence. The petition was denied in a well-reasoned order by the district court. Thompson now raises these same issues on appeal to this court.

## II. Analysis

Before Thompson may proceed with his appeal, he must obtain a COA. 28 U.S.C. § 2253(c)(1). We will issue a COA "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court "has rejected the constitutional claims on the merits," an applicant meets this standard by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In general, the COA analysis "requires an overview of the claims in the habeas petition and a general assessment of their merits" rather than "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El*, 537 U.S. at 336.

Here, reasonable jurists would not find the district court's assessment of Thompson's claims debatable or wrong. He therefore has failed to make a sufficient showing that he is entitled to a COA on any of his claims.

### A. Refusal to Instruct Jury on Lesser Included Offenses

Thompson first argues that his trial violated due process because the court refused to instruct the jury on two lesser included offenses (second degree murder and manslaughter). The district court rejected this argument, concluding (1) that the refusal was not so fundamentally unfair as to deprive him of due process, (2) that, in any event, jury instruction claims were not reviewable in habeas proceedings, and (3) that the OCCA decision was not contrary to clearly established federal law. We agree.

The district court correctly observed that "[a]s a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." *Patton v. Mullin*, 425 F.3d 788, 807 (10th Cir. 2005) (quoting *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997)). In applying this standard, we typically consider whether the denied instruction was warranted under the facts of the case. *See, e.g., Tyler v. Nelson*, 163 F.3d 1222, 1227 (10th Cir. 1999) (turning to state law to determine whether defendant was entitled to requested instruction); *Lujan v. Tansy*, 2 F.3d 1031, 1035–36 (10th Cir. 1993) (holding that refusal to give instruction did not violate due process where the record contained no evidence that would support the instruction). Some of our cases have even recognized "a rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Under this authority, reasonable jurists would not find the district court's reasoning debatable or wrong. Here, the OCCA made clear that "[s]econd degree depraved mind murder and manslaughter are lesser included offenses of first degree murder" and that "[t]he trial court should have given both instructions if they were supported by the evidence." Doc. 5, Ex. C, Pg. 3. However, the OCCA further held that as a matter of Oklahoma law, under these facts, instructions for

the lesser included offenses need not be given.  Our appellate review is to assess whether the OCCA's decision was "contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Because reasonable jurists would not differ on this claim, the district court did not err by failing to issue a COA.

## B.  Failure to Give Accomplice Instruction

Thompson's second claim is a variation of his first.  He argues the trial court's failure to give an accomplice instruction also violated due process.  Although the OCCA ruled that "[t]he jury should have been instructed that [the witness] was an accomplice as a matter of law,"  the court further concluded that any error was harmless.  Doc. 5, Ex. C, Pg. 7.  After reviewing the record, we agree with the error was harmless.  In light of the foregoing authorities, we cannot say that the failure to instruct the jury on this issue made Thompson's trial fundamentally unfair or that the OCCA misapplied Supreme Court precedent.  Thus, Thompson is not entitled to a COA on this claim either.

## C.  Sufficiency of the Evidence

Thompson finally claims that the evidence was insufficient to convict, specifically that the state had not established his intent to kill any of the three victims.  The Supreme Court has stated that a sufficiency challenge requires us to ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  As the district court and OCCA pointed out, the record amply established Thompson's guilt under such a deferential standard.  A COA is not proper on this claim either.

### III.  Conclusion

Accordingly, we DENY Thompson's application for a COA and DISMISS this appeal.  Thompson's motion to proceed in forma pauperis is GRANTED.


Entered for the Court

Timothy M. Tymkovich
Circuit Judge